Patrick J. Hickey (7-5522)
Patrick R. Akers (pro hac vice forthcoming)
MOYE WHITE LLP
3615 Delgany Street, Suite 1100
Denver, Colorado 80216
(303) 292-2900
(303) 292-4510 (facsimile)
patrick.hickey@moyewhite.com
patrick.akers@moyewhite.com

John J. Elliott (pro hac vice forthcoming)
Michael H. Ference (pro hac vice forthcoming)
Owen Kloter (pro hac vice forthcoming)
SICHENZIA ROSS FERENCE LLP
1185 Avenue of the Americas, 31st Floor
New York, New York 10036
(212) 930-9700
(212) 930-9725 (facsimile)
jelliott@srf.law
mference@srf.law
okloter@srf.law

*Counsel for the Majority Shareholders*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| AISHANG YOU LIMITED, DADA BUSINESS TRADING CO., LIMITED, DONGPING LIU, FENGZHEN AI, MIN LI, PEIFENG YU, PIJUN LIU, WENWEN YU, and YANQIN CHEN, derivatively on behalf of WETRADE GROUP, INC., | Case No. 1:23-cv-00178 |
| Plaintiffs, | |
| v | |
| BIMING GUO, GRACE LI, NING QIN, YUXING YE, HECHUN WEI, KEAN TAT CHE, and ANNIE HUANG, | |
| Defendants, | |
| and | |
| GLOBEX TRANSFER, LLC, | |
| Nominal Defendant. | |

**COMPLAINT**

Plaintiffs AiShang You Limited, Dada Business Trading Co., Limited, Dongping Liu, Fengzhen Ai, Min Li, Peifeng Yu, Pijun Liu, Wenwen Yu, and Yanqin Chen (collectively, the "**Majority Shareholders**"), derivatively on behalf of WeTrade Group, Inc. ("**WETG**"), file this Complaint against Defendants Biming Guo, Grace Li, Ning Qin, Yuxing Ye, Hechun Wei, Kean Tat Che, and Annie Huang (collectively, "**Named Defendants**") and Nominal Defendant Globex Transfer, LLC ("**Globex**"), and state as follows:

## INTRODUCTION

1. This case involves Named Defendants, despite resigning from their positions as directors and officers of WETG on June 30, 2023, continuing to illegally take actions on behalf of WETG against the wishes of the current (and properly appointed) WETG directors and officers. Not only did Named Defendants resign, but on September 22, 2023, the Majority Shareholders issued a written consent removing the Named Defendants as WETG's directors and officers, and appointing the current board of directors and officers. Despite such actions, the Named Defendants continue to act unlawfully by holding themselves out as WETG's directors and officers.

2. As part of their unlawful actions occurring after their respective resignations, the Named Defendants have instructed Globex to issue 1,570,600 shares of WETG's common stock in exchange for more than $12 million pursuant to a private placement transaction. The current board of directors has instructed Globex to stand down on the transfer, but Globex has refused to recognize the authority of the current board of directors. As a result, the Majority Shareholders, derivatively on behalf of WETG, seek temporary and preliminary injunctive relief to halt the unauthorized issuance of WETG's common stock to the private placement investors. The Majority Shareholders also seek a declaratory judgment that (1) the Named Defendants were no longer WETG officers and directors as of June 30, 2023; (2) the attempted private placement transaction

related to the issuance of 1,570,600 WETG shares is invalid; (3) an earlier private placement transaction related to the issuance of 105,400 shares of common stock is invalid; and (4) the written consents removing the Named Defendants as WETG's directors and officers, and appointing the current board of directors and officers are valid, enforceable, and binding.

## PARTIES, JURISDICTION, AND VENUE

3. AiShang You Limited is a Chinese corporation with its principal place of business at Sertus Chambers, P.O. Box 905, Quastisky Building, Road Town, Tortola, British Virgin Islands.

4. Dada Business Trading Co., Limited is a Chinse corporation with its principal place of business at Unit E, 20/F, Infotech Centre, 21 Hung to Road, Kwun Tong, Kowloon, Hong Kong, China.

5. Dongping Liu is an individual who resides at Dongsheng Village 10th Committee, Dongguan Town, Shuangcheng City, Heilongjiang Province, China.

6. Fengzhen Ai is an individual who resides at No. 9-47, Group 1, Jubao Village, Qixingpao Town, Baoqing County, Heilongjiang Province, China.

7. Min Li is an individual who resides at No. 9 Yuhua West Road, Qiaoxi District, Shijiazhuang City, Hebei Province, China.

8. Peifeng Yu is an individual who resides at No. 8, Supply and Marketing Liuhe Building, Huashan Road, Sangyuan Town, Wuqiao County, Cangzhou City, Hebei Province, China.

9. Pijun Liu is an individual who resides at Toutun Village, Niujia Fuli Town, Wuchang City, Heilongjiang Province, China.

10. Wenwen Yu is an individual who resides at 15248 Evergreen Oak Loop, Winter Garden, Florida 34787.

11. Yanqin Chen is an individual who resides at No. 8, Supply and Marketing Liuhe Building, Huashan Road, Sangyuan Town, Wuqiao County, Cangzhou City, Hebei Province, China.

12. WETG is a Wyoming corporation with its principal place of business at 1621 Central Avenue, Cheyenne, Wyoming 82001.

13. Former Director Biming Guo is an individual and, on information and belief, a resident of China with a work address at Room 301-2, No. 355 Yinlian Lane, Xiangping Street, Tong'an District, Xiamen City, Postal Code 361100.

14. Former Director Grace Li is an individual and, on information and belief, a resident of China with a work address at Building 37/Building 111, Yi'anmen, No.1 South Bank, Gaobeidian, Chaoyang District, Beijing, Postal Code 100020.

15. Former Director Ning Qin is an individual and, on information and belief, a resident of China with a work address at either Zhonghuan New Energy Holding Group Co., Ltd., 21st Floor, Building S2, Shanghai BFC Bund Financial Center, Zhongshangdong Second Road, Huangpu District, Shanghai, Postal Code 200001, or Block B, 3601 Room, Greenland Center, Jinye Road, High-tech Zone, Xi'an, Shaanxi, Postal Code 710075.

16. Former Director Yuxing Ye is an individual and, on information and belief, a resident of China with a work address at Floor 22-31, South Tower of Zhengda Center, No. 20 Jinhe East Road, Chaoyang District, Beijing, Postal Code 100020.

17. Former CEO Hechun Wei is an individual and, on information and belief, a resident of China who resides at Room 106, No. 40, Fangta East Second Village, Songjiang District, Shanghai, Postal Code 201600.

18. Former CFO Che Kean Tat is an individual and, on information and belief, a resident of China with a work address at Zhonghuan New Energy Holding Group Co., Ltd., 21st Floor, Building S2, Shanghai BFC Bund Financial Center, Zhongshangdong Second Road, Huangpu District, Shanghai, Postal Code 200001.

19. Former CFO Annie Huang is an individual and, on information and belief, a resident of China with a work address at either Zhonghuan New Energy Holding Group Co., Ltd., 21st Floor, Building S2, Shanghai BFC Bund Financial Center, Zhongshangdong Second Road, Huangpu District, Shanghai, 200001, or No. A2310, Second floor, College Park, Dongsheng Science Park, Zhongguancun, No. A18 Xueqing Road, Haidian District, Beijing, 100080.

20. Globex is a Florida limited liability company with its principal place of business at 780 Deltona Boulevard, Suite 202, Deltona, Florida 32725.

21. Upon information and belief, Globex has three members: Michael J. Turner, III, Paul E. Flesche, and George A. Castillo.

22. Upon information and belief, Michael J. Turner, III is an individual who resides at 1685 East Normandy Boulevard, Deltona, Florida 32725.

23. Upon information and belief, Paul E. Flesche is an individual who resides at 1665 North Beverly Glen Boulevard, Los Angeles, California 90077.

24. Upon information and belief, George A. Castillo is an individual who resides at 15233 Ventura Boulevard, Suite 712, Sherman Oaks, California 81403.

25. Globex is a nominal defendant, because it has no interest in the outcome of the subject of this action, which centers on whether the former or current board of directors have the authority to act on WETG's behalf.

26. Globex has received conflicting messages from the former and current board of directors with respect to its role as WETG's transfer agent.

27. The resolution of this action will stop the improper transfer of WETG's shares though the unauthorized private placement transaction related to the issuance of 1,570,600 WETG shares.

28. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2), because the action is between citizens of a state (i.e., Florida and Wyoming) and citizens or subjects of a foreign state.[1][2]

29. Additionally, the amount in controversy exceeds the sum of $75,000.

30. Absent a determination as to whether the former or current board of directors has the authority to act on WETG's behalf, the former board of directors will unlawfully act on WETG's behalf by issuing 1,570,600 shares for $12,616,590.

31. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in Cheyenne, Wyoming.

---

[1] The Court will note that Yu Wenwen (plaintiff) and Michael J. Turner, III (member of nominal defendant, Globex) are residents of Florida. For diversity purposes, the residence of nominal defendants are not considered. *See Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) ("[T]he 'citizen' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of the real parties to the controversy." (quoting *Lenon v. St. Paul Mercury Ins.*, 136 F.3d 1365, 1369 (10th Cir. 1998))).

[2] The fact that Chinese residents are both plaintiffs and defendants has no bearing on the diversity analysis. *See Tango Music, L.L.C. v. Deadquick Music, Inc.*, 348 F.3d 244, 245–46 (7th Cir. 2003) (analyzing 28 U.S.C. § 1332(a)(3) and noting "[t]he statute does not say '. . . citizens or subjects of *different* foreign states,' and we cannot think of a reason to depart in this instance from a literal reading").

**GENERAL ALLEGATIONS**

I.      **WETG, the Articles, and the Bylaws.**

32.     WETG is publicly traded on Nasdaq under the ticker symbol, WETG.

33.     WETG is a holding company with no operations of its own.

34.     WETG, through its subsidiaries, provides technical services and solutions through various social e-commerce platforms, including technical and auto-billing management services to micro-business online stores through big data analytics, machine learning mechanisms, social network recommendations, and multi-channel data analysis.

35.     Additional information about WETG is found at https://ir.wetg.group/Home.

36.     Under its Amended and Restated Articles of Incorporation (the "**Articles**"), a copy of which is attached at Exhibit 1, WETG may issue an unlimited number of common shares. *See* Ex. 1, art. V.

37.     WETG may issue shares at any time, and without a shareholder meeting or shareholder consent. *Id.* art. VII.

38.     WETG may issue at any time, increase the number of shares, or split their shares, forward or reverse consistent with the Wyoming Business Corporation Act (the "**Act**"). *Id.* art. VIII.

39.     WETG adopted that certain Second Amended Bylaws (the "**Bylaws**") on March 29, 2023. A copy of the Bylaws is attached at Exhibit 2.

40.     Under the Bylaws, a special meeting may be called "for any purpose or purposes, unless otherwise prescribed by law" by "the holders of not less than a majority of all the outstanding shares of [WETG] entitled to vote on any issue proposed to be considered at the

7

meeting, provided said shareholders sign, date and deliver to the corporate Secretary" a written demand for the meeting describing the purpose for which it is to be held. Ex. 2, art. II, sec. 2.

41. Moreover, the Bylaws provide,

> Unless otherwise provided by law, any action required to be taken at a meeting of the shareholders, or any other action which may be taken at a meeting of the shareholders, may be taken without a meeting if a consent in writing, setting forth the action so taken, shall be signed by all or majority of the shareholders, if allowed by law, entitled to vote with respect to the subject matter thereof. The written consent shall bear the date of signature of the shareholder who signs the consent and be delivered to the corporation for inclusion in the minutes or filing with the corporate records.

*Id.* art. II, sec. 11.

42. WETG's board of directors must have a minimum of three directors, and all three directors must be "Independent Directors," or, if the board consists of more than three directors, a majority of the directors must be comprised of "Independent Directors." *Id.* art. III, secs. 2, 2.1.

## II. WETG's Directors, Officers, and Shareholders.

43. Prior to September 22, 2023, WETG purported to have five directors on its board of directors.

44. The Majority Shareholders dispute that the following individuals had authority to act as WETG's directors after June 30, 2023: Biming Guo [chairman], Grace Li, Ning Qin, and Yuxing Ye (collectively, the "**Disputed Directors**").

45. The fifth director is Daxue Li.

46. Prior to September 22, 2023, WETG claimed to have three officers: Hechun Wei [CEO], Annie Huang [CFO], and Hanfeng Li [Vice President].

47. The Majority Shareholders dispute that Hechun Wei and Annie Huang (together, the "**Disputed Officers**") had authority to act as WETG's officers after June 30, 2023.

48.     WETG has 1,054,530 shares of common stock outstanding as of August 21, 2023, as reported in that certain Form 10-Q (Quarterly Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934) dated August 21, 2023, and filed with the U.S. Securities and Exchange Commission on August 21, 2023.

49.     The closing price of WETG's shares of common stock, as reported by Nasdaq, was $12.79 on September 22, 2023.[3]

50.     The Majority Sholders collectively hold 50.41% of WETG's issued and outstanding shares, as set forth below:

| Shareholder | Shares (Percentage) |
|---|---|
| AiShang You Limited | 251,687 (23.87%) |
| Dada Business Trading Co., Limited | 34,831 (03.30%) |
| Dongping Liu | 2,505 (00.24%) |
| Fengzhen Ai | 42,681 (04.05%) |
| Min Li | 40,000 (03.79%) |
| Peifeng Yu | 11,080 (01.05%) |
| Pijun Liu | 48,520 (04.60%) |
| Wenwen Yu | 100,250 (09.51%) |
| Yanqin Chen | 48 (00.00%) |

### III.    The Loan Agreement and Related Corporate Actions.

51.     Hangzhou Yuedian Technology Co., Ltd ("**HYT**"), Beijing Weijiafu Technology Co., Ltd ("**BWT**"), and WETG entered into that certain Loan Agreement dated December 19, 2022 (the "**Loan Agreement**"). A copy of the Loan Agreement is attached at Exhibit 3.

52.     Under the Loan Agreement, BWT borrowed ¥25 million from HYT and was required to repay all principal and interest by March 31, 2023. *See* Ex. 3, arts. 1, 2.

53.     WETG "unconditionally guarantee[d] [BWT's] borrowing." *Id.* art. 3, sec. 1.

---

[3] *See* WETG Historical Data, NASDAQ, https://www.nasdaq.com/market-activity/stocks/wetg/historical (last visited Sept. 27, 2023).

54. The Loan Agreement provided two means by which WETG could satisfy its guaranty obligations.

55. First, WETG could pay the remaining principal and interest under the Loan Agreement. *See id.* art. 3, sec. 3.

56. Second, by mutual agreement between HYT and WETG, "[WETG] may convert the debt to equity, with the stock's prices discount[ed] 50% by the average closing prices around June 30, 2023." *Id.*

57. If WETG defaulted on its guaranty obligations the Board would "be restructured, with all members resigning." *Id.* art. 4, sec. 2.

58. WETG took two corporate actions in connection with the Loan Agreement.

59. First, a majority of WETG's shareholders executed that certain Consent Action of Shareholders dated December 16, 2022 (the "**December 16th Shareholder Consent**"). *See id.* annex. II.

60. Pursuant to the December 16th Shareholder Consent, WETG's shareholders agreed that WETG should guaranty BWT's obligations under the Loan Agreement to expand WETG's business in China. *See id.*

61. Additionally, WETG's shareholders authorized WETG's board of directors "to take all necessary measures, sign all necessary documents, and carry out debt supervision." *Id.*

62. Specifically, the directors agreed that, if (i) BWT failed to repay its obligations by March 31, 2023, and (ii) the board of directors failed to fulfill its debt to equity obligations by June 30, 2023 (together, the "**Removal Triggers**"), then "it shall be deemed that the directors and officers are in breach of duty," and "[a]t that time, all directors and officers shall resign on their own, including but not limited to the CEO, CFO, etc." *Id.*

63. Second, the Board executed that certain Unanimous Written Consent of the Board of Directors of WeTrade Group Inc. dated December 16, 2023 (the "**December 16th Board Consent**"). *See id.* annex. III.

64. Pursuant to the December 16th Board Consent, the board of directors approved, adopted, ratified, and confirmed the actions set forth in the Shareholder Consent. *See id.*

65. BWT failed to repay its obligations under the Loan Agreement by March 31, 2023.

66. On June 15, 2023, HYT sent that certain Formal Notification Letter (the "**First Demand Letter**"), a copy of which is attached at Exhibit 4.

67. In the First Demand Letter, HYT demanded that WETG "assume the guarantee obligation and complete the repayment or debt to equity conversion before June 30, 2023." Ex. 4 at 4.

68. On June 30, 2023, HYT sent that certain Urgent Notice Letter (the "**Second Demand Letter**"), a copy of which is attached at Exhibit 5.

69. In the Second Demand Letter, HYT noted that "there has been no progress" with respect to WETG satisfying its guaranty obligations. *See* Ex. 5.

70. WETG failed to repay the amounts owed under the Loan Agreement.

71. The Board failed to fulfill its debt to equity obligations by June 30, 2023.

72. Both of the Removal Triggers occurred by June 30, 2023.

73. The Disputed Directors and Disputed Officers signed resignation letters, resigning their positions as WETG's officers and directors effective June 30, 2023. Copies of the resignation letters are attached at Exhibit 6.

74. HWT and BWT waived Director Daxue Li's compliance with the Loan Agreement's reassignment provision.

75. Despite resigning their positions, none of the Disputed Directors or Disputed Officers ceased acting as directors or officers, as the case may be, effective June 30, 2023.

76. To date, the Disputed Directors and Disputed Officers continue to unlawfully act as WETG's directors and officers.

**IV.  The Disputed Directors and Disputed Officers and the Issuance of Shares.**

77. On August 1, 2023, WETG filed that certain Form 8-K (Current Report) dated July 26, 2023 (the "**August 1st 8-K**"), a copy of which is attached at <u>Exhibit 7</u>.

78. In the August 1st 8-K, WETG indicated it entered into a certain subscription agreement, pursuant to which certain investors agreed to purchase 105,400 shares of common stock for $616,590. *See* Ex. 7.

79. On August 31, 2023, WETG filed that certain Form 8-K (Current Report) dated August 31, 2023 (the "**August 31st 8-K**"), a copy of which is attached at <u>Exhibit 8</u>.

80. In the August 31st 8-K, WETG stated it closed the private offering of 105,400 shares of common stock. *See* Ex. 8.

81. On September 15, 2023, WETG filed that certain Form 8-K (Current Report) dated September 13, 2023 (the "**September 15th 8-K**"), a copy of which is attached at <u>Exhibit 9</u>.

82. In the September 15th 8-K, WETG indicated it entered into certain subscription agreements with certain Regulation S investors, pursuant to which WETG agreed to issue 1,465,200 shares of WETG's common stock in consideration for $12 million. *See* Ex. 9.

83. Upon information and belief, the 105,400 and 1,465,200 shares of common stock are scheduled to be issued on September 27, 2023 (together, the "**Upcoming Issuance**").

84. WETG retained Globex as its transfer agent.

85. On September 21, 2023, the Majority Shareholders informed Globex of their intention to file this action for the purpose of enjoining the Upcoming Issuance. A copy of the letter is attached at Exhibit 10.

**V.   The September 22, 2023 Consents.**

86. On September 22, 2023, the Majority Shareholders executed that certain Written Consent of the Majority Shareholders of WeTrade Group Inc. (the "**September 22nd Shareholder Consent**"), a copy of which is attached at Exhibit 11.

87. In the September 22nd Shareholder Consent, the Majority Shareholders "acknowledge[d] that [the Disputed Directors] have already resigned from the Board of the Company, but for the avoidance of doubt, the Majority Shareholders deem it in the best interest of the Company and its shareholders to remove each [of the Disputed Directors]." Ex. 11 at 1.

88. In the September 22nd Shareholder Consent, the Majority Shareholders appointed two new directors to WETG's board of directors: Xianzhi Liu and Zheng Dai (chairman).

89. Zheng Dai previously served as chairman of WETG's board of directors from the date of WETG's initial public offering in July of 2022 until his resignation on December 21, 2022.

90. As of September 22, 2023, WETG's current board of directors consists of Daxue Li, Xianzhi Liu, and Zheng Dai. *See id.*

91. On September 22, 2023, Daxue Li, the sole director on WETG's board of directors prior to the September 22nd Consent, ratified the Majority Shareholder's election of Xianzhi Liu and Zheng Dai as directors until the next annual meeting of shareholders. A copy of the Action by Written Consent of the Sole Director of the Board of Directors of WeTrade Group Inc. dated September 22, 2023 is attached at Exhibit 12.

92. On September 22, 2023, the current board of directors acknowledged Hechun Wei's and Annie Huang's June 30, 2023 resignations, and appointed Lina Jiang as the CEO and Xiaodong An as the Interim CFO. A copy of the Unanimous Written Consent of the Board of Directors of WeTrade Group Inc. dated September 22, 2023 is attached at Exhibit 13.

## VI. WETG's New CEO Attempts to Stop the Upcoming Issuance.

93. On September 26, 2023, Lina Jiang, WETG's new CEO, sent a letter to Globex demanding that Globex "cease and desist any and all activity as Transfer Agent for [WETG]" and "take no action, or further action, on behalf of [WETG] unless [she] instruct[s] Globel to take such action." A copy of the letter is attached at Exhibit 14.

94. On September 26, 2023, Michael Turner, on behalf of Globex, responded to Lina Jiang's letter, stating, "The last 8-K shows Hechun Wei as the CEO." A copy of this email is attached at Exhibit 15.

95. Michael Turner represented several days earlier that WETG's former CFO, Kean Tat Che, communicated with and provided instructions to Globex on behalf of WETG.

96. Kean Tat Che had resigned as WETG's director and CFO as of November 29, 2022, according to that certain Form 8-K (Current Report) dated November 29, 2022.

97. On September 27, 2023, Globex's counsel sent a letter to WETG's counsel, stating that "[a]bsent . . . a court order, Globex has a legal obligation to issue the shares as requested. A copy of the September 27, 2023 letter is attached at Exhibit 16.

## VII. Derivative and Demand Futility Allegations.

98. Each of the Majority Shareholders was a shareholder of WETG at the time of the acts or omissions complained of.

99. The Majority Shareholders fairly and adequately represent the interests of WETG in enforcing the right of WETG, because the Majority Shareholders collectively hold 51.06% of WETG's issued and outstanding shares.

100. On September 27, 2023, the Majority Shareholders sent a written demand to WETG, requesting that WETG take the actions set forth in the Complaint and Motion, pursuant to Wyo. Code § 17-16-742(a)(i).

101. On September 27, 2023, WETG notified the Majority Shareholders that they were authorized to file this action derivatively on behalf of WETG pursuant to Wyo. Code § 17-16-742(a)(ii).

## COUNT I
### Declaratory Judgment Under 28 U.S.C. § 2201 – Against Defendants

102. The Majority Shareholders incorporate by reference their prior allegations as if fully set forth herein.

103. An actual controversy exists, because there is a present and ongoing dispute as to whether WETG's former or current board of directors has the authority to act on WETG's behalf.

104. That dispute has prevented WETG's current board of directors from controlling the issuance of WETG Common stock by impeding their authority to direct WETG's transfer agent, Globex.

105. As a result, that dispute may cause the unauthorized issuance of 105,400 shares and 1,465,200 shares of WETG's common stock, which is in contravention of WETG's current board of directors' request.

106. Accordingly, the Majority Shareholders, derivatively on behalf of WETG, are entitled to a declaratory judgment under 28 U.S.C. § 2201 that the Disputed Directors and Disputed

Officers resigned and/or were properly removed from their positions as WETG's officers and directors as of June 30, 2023.

107. The Majority Shareholders, derivatively on behalf of WETG, are entitled to a declaratory judgment under 28 U.S.C. § 2201 that the attempted private placement transactions related to the issuance of 105,400 WETG shares and 1,465,200 WETG shares are invalid and shall not proceed.

108. The Majority Shareholders, derivatively on behalf of WETG, are entitled to a declaratory judgment under 28 U.S.C. § 2201 that the Action by Written Consent of the Sole Director of the Board of Directors of WeTrade Group Inc. dated September 22, 2023 and the Unanimous Written Consent of the Board of Directors of WeTrade Group Inc. dated September 22, 2023 are valid, enforceable, and binding.

WHEREFORE, the Majority Shareholders, derivatively on behalf of WETG, respectfully request that the Court enter judgment in their favor and against the Named Defendants as follows:

A. Preliminary injunctive relief against the Named Defendants and their officers, directors, agents, employees, successors, assigns, affiliates, and any other person(s) in active concert or participation with them, in the form to be requested;

B. Declare that

1. the Named Defendants were no longer officers and directors of WETG as of June 30, 2023;

2. the attempted private placement transactions related to the issuance of 105,400 WETG shares and 1,465,200 WETG shares are invalid; and

3. the Action by Written Consent of the Sole Director of the Board of Directors of WeTrade Group Inc. dated September 22, 2023 and the Unanimous Written Consent of the Board of Directors of WeTrade Group Inc. dated September 22, 2023 are valid, enforceable, and binding;

C. Award the Majority Shareholders their reasonable attorneys' fees and costs and pre- and post-judgment interest; and

D. Enter any other relief that the Court deems just and proper.

Respectfully submitted,

Dated: September 27, 2023

*/s/ Patrick J. Hickey*
Patrick J. Hickey (7-5522)
Patrick R. Akers (pro hac vice forthcoming)
MOYE WHITE LLP
3615 Delgany Street, Suite 1100
Denver, Colorado 80216
(303) 292-2900
(303) 292-4510 (facsimile)
patrick.hickey@moyewhite.com
patrick.akers@moyewhite.com

John J. Elliott (pro hac vice forthcoming)
Michael H. Ference (pro hac vice forthcoming)
Owen Kloter (pro hac vice forthcoming)
SICHENZIA ROSS FERENCE LLP
1185 Avenue of the Americas, 31st Floor
New York, New York 10036
(212) 930-9700
(212) 930-9725 (facsimile)
jelliott@srf.law
mference@srf.law
okloter@srf.law

*Counsel for the Majority Shareholders*