**TARA B. NETHERCOTT, #7-4604**
CROWLEY FLECK PLLP
511 West 19th Street, Suite 100
Cheyenne, WY 82001
Phone: (307) 426-4100
Fax: (307) 426-4099
tnethercott@crowleyfleck.com

**ANGUS F. NI,** *admitted pro hac vice*
**SERENA YUE YANG,** *admitted pro hac vice*
AFN Law PLLC
506 2nd Avenue, WA 98104
Phone: (646) 453-7294
angus@afnlegal.com
serena@afnlegal.com

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF WYOMING**

| | |
|---|---|
| AISHANG YOU LIMITED, DADA BUSINESS TRADING CO., LIMITED, DONGPING LIU, FENGZHEN AI, MIN LI, PEIFENG YU, PIJUN LIU, WENWEN YU, and YANQIN CHEN, derivatively on behalf of WETRADE GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BIMING GUO, GRACE LI, NING QIN, YUXING YE, HECHUN WEI, KEAN TAT CHE, and ANNIE HUANG, <br><br> Defendants, <br><br> And <br><br> GLOBEX TRANSFER, LLC, <br><br> Nominal Defendant. | Case No. 1:23-cv-00178 <br><br> **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS ............................................................................................ 2

III. LEGAL STANDARDS .................................................................................................. 2

IV. ARGUMENT .................................................................................................................. 3

    A. Nominal Parties Have No Bearing on Diversity Analysis. ..................................... 3

    B. Without Diverse Citizens, Aliens on Both Sides Destroy Complete Diversity. ................................................................................................................ 4

    C. Under No Imaginable Permutation Of Citizenships Can Plaintiffs Establish Diversity. ................................................................................................. 5

    D. The Court Must Deny The TRO Because It Has No Jurisdiction. .......................... 7

V. CONCLUSION ............................................................................................................... 7

Defendant Kean Tat Che ("Che" or "Defendant") respectfully submits this memorandum in support of his motion to dismiss the Complaint for lack of subject matter jurisdiction, without waiver of the right to object further, including on the basis of personal jurisdiction, venue, service of process, or failure to state a claim.[1]

## I.   INTRODUCTION

Fed. R. Civ. P. 12(b)(1) mandates dismissal for "lack of subject-matter jurisdiction." The subject-matter jurisdiction requirement is strict, so much so, that Fed. R. Civ. P. 12(h)(3) further provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Following these rules, federal courts have routinely dismissed cases where they lack subject matter jurisdiction at all stages of litigation, including after trial. Indeed, "[o]bjections to subject-matter jurisdiction . . . may be raised at any time. Thus, a party, after losing [below], may move to dismiss the case because the court lacked subject-matter jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434-35 (2011).

The sole basis for federal subject matter jurisdiction asserted here is diversity jurisdiction. Complaint ¶ 28. But it is axiomatic that, absent at least one pair of completely diverse U.S. citizens as plaintiff and defendant, the presence of aliens on both sides of the "v" destroys diversity. Furthermore, in cases of dual citizens, complete diversity requires diversity under *each* citizenship.

As set forth below, all parties except Plaintiff Yu and nominal party GlobeX are certainly aliens. Because the law is clear that this destroys diversity, this Court has no jurisdiction. It must therefore deny the temporary restraining order and dismiss.

---

[1] WeTrade Group Inc.'s Motion to Intervene (ECF Nos. 15 & 27) cannot be decided pending the Court's ruling on subject matter jurisdiction. This is because "[i]n the absence of jurisdiction over the existing suit, a district court simply has no power to decide a motion to intervene; its only option is to dismiss." *In re Barnes*, 783 F.3d 1185, 1190 (10th Cir. 2015) (citing *Village of Oakwood v. State Bank & Trust Co.*, 481 F.3d 364, 367 (6th Cir. 2007)).

## II.   STATEMENT OF FACTS

Plaintiffs allege that AiShangYou Limited is a Chinese corporation with its principal place of business in the British Virgin Islands. Compl. ¶ 3. Dada Business Trading Co., Limited is a Chinese corporation with its principal place of business in China. *Id*. ¶ 4. Wenwen Yu resides in the State of Florida, while all other individual Plaintiffs reside in China. *Id*. ¶¶ 5-11.

Plaintiffs allege that all Defendants are Chinese residents. *Id*. ¶¶ 13-19. While not strictly relevant since all are aliens, for the sake of precision, Defendant Che is in fact a Malaysian citizen domiciled in China. Che Decl. ¶ 1. Defendant Grace Li is a Chinese citizen domiciled in Australia. *Id*. ¶ 4. The remaining Defendants are all Chinese citizens domiciled in China. *Id.* ¶ 5.

Nominal Plaintiff WeTrade Group, Inc. is a Wyoming corporation with its principal place of business in China.[2]

Nominal Defendant, Globex Transfer, LLC, is a limited liability company with its principal place of business in Florida. Compl. ¶ 20. According to Plaintiffs, the members of Globex Transfer reside in Florida and California. *Id*. ¶¶ 21-24.

## III.   LEGAL STANDARDS

"To establish subject matter jurisdiction under 28 U.S.C. § 1332, a party must show that complete diversity of citizenship exists between the parties ... ." *Radil v. Sanborn Western Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004). "The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist, but, since the courts of the United States

---

[2] WeTrade is incorporated in Wyoming. Compl. ¶ 12. Plaintiffs mistook its registered Wyoming office for its principal place of business. *Id*. But, in reality, the Company's principal place of business is in China. Che Decl. ¶ 6; *see also* Ex. A (2023-08-22 10-Q); *cf. Hertz Corp. v. Friend*, 559 U.S. 77 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters.")

are courts of limited jurisdiction, there is a presumption *against* its existence." *Basso v. Utah Power and Light Company*, 495 F.2d 906, 909 (10th Cir. 1974) (emphasis original).

### IV.   ARGUMENT

**A.   <u>Nominal Parties Have No Bearing on Diversity Analysis.</u>**

As a preliminary matter, Plaintiffs themselves concede that, "[f]or diversity purposes, the residence of nominal defendants are not considered." Compl. fn. 1. Despite this, Plaintiffs appear to allege that a nominal plaintiff could create diversity. *Id.* ¶ 28 (Alleging "[t]he Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2), because the action is between citizens of a state (i.e., Florida and Wyoming) and citizens or subjects of a foreign state.").

However, the case Plaintiffs cite for disregarding nominal parties make no distinction between nominal defendants and nominal plaintiffs. Rather, it holds that "the 'citizen' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. Thus, a federal court must disregard nominal or formal *parties* and rest jurisdiction only upon the citizenship of the *real parties* to the controversy." *See Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (quoting *Lenon v. St. Paul Mercury Ins.,* 136 F.3d 1365, 1369 (10th Cir. 1998)) (emphasis added); *see also Navarro Sav. Assn. v. Lee*, 446 U.S. 458, 461 (1980) (same).

Here, Plaintiffs acknowledge that WeTrade is a "nominal plaintiff" and Globex Transfer is a "nominal defendant." *See* Dkt. 24 ¶ 10 (calling WeTrade a "nominal plaintiff"); Compl. ¶ 25. As such, both WeTrade and GlobeX Transfer can be disregarded when analyzing diversity.

As set forth below, given Plaintiffs' concession that nominal defendant GlobeX need not be considered, there is no diversity jurisdiction because this is a suit between aliens, without completely diverse U.S. citizens on both sides. Indeed, diversity jurisdiction cannot exist whether or not WeTrade is treated as an actual party, or even a defendant.

B. **Without Diverse Citizens, Aliens on Both Sides Destroy Complete Diversity.**

To begin with, the statute itself states that diversity jurisdiction can only be "***between*** … citizens of different **States**." 28 U.S. Code § 1332 (emphasis added). The Tenth Circuit has thus long held that "the circuits that have considered the issue read § 1332(a)(2) to require United States citizens ***on both sides*** of an action between foreign citizens." *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1345 (10th Cir. 2000) (emphasis added); *see also China Nuclear Energy Industry Corp. v. Andersen*, 11 F. Supp. 2d 1256, 1259-1260 (D. Colo. 1998) ("§1332 does not confer diversity jurisdiction upon the Court in suits involving 'an alien on one side, and an alien and a citizen on the other side, regardless of the residence status of the aliens.'") (citing *Saadeh v. Farouki*, 107 F.3d 52, 60 (D.C. Cir. 1997)).[3]

Relying on *Tango Music, L.L.C. v. Deadquick Music, Inc.*, 348 F.3d 244, 245 (7th Cir. 2003), Plaintiffs claim that "[t]he fact that Chinese residents are both plaintiffs and defendants has no bearing on the diversity analysis." Compl. fn. 2. But in *Tango Music*, there were not only aliens on both sides, but also citizens of ***different*** U.S. states on both sides, which basis for diversity jurisdiction is exactly what 28 U.S.C. § 1332(a)(3) prescribes. *Tango Music, LLC*, at 245. In short, *Tango* illustrates Defendant's point: without completely diverse U.S. citizens on both sides, a suit between aliens cannot enjoy diversity jurisdiction.

Here, all defendants are foreign citizens residing in foreign countries. Thus, assuming Plaintiffs' allegations as true, only Plaintiff Wenwen Yu could conceivably be a citizen of Florida. Compl. ¶ 10. And, even ignoring Plaintiffs' characterization of WeTrade as a "nominal plaintiff,"

---

[3] It is also well established that, "[w]ith only foreign parties on both sides of this case, complete diversity is absent." *Hakan Agro DMCC v. Unova Holdings, LLC*, 640 F. App'x 821, 823 (10th Cir. 2016); *see also Grupo Dataflux v. Atlas Global Grp., L.P.,* 541 U.S. 567, 569, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004) ("[A]liens were on both sides of the case, and the requisite diversity was therefore absent.").

and assuming, arguendo, that it is an actual party **and** Wyoming citizen, both it and Yu are plaintiffs, while all Defendants are aliens. Therefore, "diversity is lacking ... [because] on one side there are citizens and aliens and on the opposite side there are only aliens." *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002).[4]

**C.    Under No Imaginable Permutation Of Citizenships Can Plaintiffs Establish Diversity.**

While the above should be dispositive, for the sake of completeness, no permutation of citizenship imaginable from the alleged facts could generate diversity.

For example, if Plaintiffs were to argue that WeTrade is a defendant, that makes no difference. It is axiomatic that "[f]or diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015); *see also* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business ... ").

Given that its principal place of business is in China, WeTrade is a citizen of both Wyoming and China. *See* fn. 2, *supra*. Plaintiffs may argue that if they made WeTrade a defendant, this creates diversity between Yu (Florida) and WeTrade (Wyoming). But it is well settled that "for this Court to exercise jurisdiction over a matter, the diversity test must be satisfied under **both** citizenships." *Oteng v. Golden Star Resources, Ltd.*, 615 F. Supp. 2d 1228, 11 (D. Colo. 2009) (emphasis added); *see also Igy Ocean Bay Properties, Ltd. v. Ocean Bay Properties I Ltd.*, 534 F.

---

[4] Lest Plaintiffs argue that any plaintiff or defendant's specific country of citizenship matters, they do not. 28 U.S.C. 1332(a) refers to "subjects of a foreign state" without distinguish between which state. And it is uncontroversial that "[f]or purposes of determining diversity of citizenship, all aliens, whatever their nationality, are deemed to be citizens of the same jurisdiction." *Barrantes Cabalceta v. Standard Fruit Co.*, 667 F. Supp. 833, 835 (S.D. Fla. 1987); *K H Business Consultants, Ltd. v. Cheltonian, Ltd.*, 567 F. Supp. 420 (D.N.J. 1983) (same).

Supp. 2d 446, 448, 450 (S.D.N.Y. 2008) ("the logical and unambiguous application of the [diversity] statute that yields certainty, is to examine diversity using each citizenship, and, if diversity fails the test on *either* citizenship, to find that there is no jurisdiction.") (emphasis added); *Rouhi v. Harza Engineering Co.*, 785 F. Supp. 1290, 1293 (N.D. Ill. 1992) ("A domestic corporation [] cannot be diverse to a party whose citizenship is the same as either of the domestic corporation's citizenships."); *A. Morgan Bldg. Grp., LLC v. Auto-Owners Ins. Grp.*, 2019 WL 2250061, at *2 (N.D. Ohio May 24, 2019) (collecting cases and observing that "one citizenship does not displace the other. Either corporate citizenship, if shared with an adverse litigant, will destroy diversity."); *Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 955-57 (6th Cir. 2017) (the diversity statute recognizes "dual citizenship" not "alternative citizenship"). WeTrade's Chinese citizenship would destroy complete diversity, whether it is treated as a plaintiff or defendant.

Furthermore, it bears pointing out that Plaintiffs' case for diversity may be even worse than it appears. This is because Plaintiffs systematically confuse where a person "resides" with their *citizenship*. Compl. ¶¶ 3-24. But "[f]or purposes of federal court diversity jurisdiction, 'residency' is not the equivalent of 'citizenship.'" *Welch v. F.R. Stokes, Inc.*, 555 F. Supp. 1054, 1055 n.1 (D. Colo. 1983) (quoting *Whitelock v. Leatherman,* 460 F.2d 507 (10th Cir. 1972)).

Here, Plaintiffs do not explain whether Plaintiff Yu is a foreign citizen residing in Florida, or a U.S. citizen. But if she is a foreign citizen, then "by virtue of the deeming clause, permanent resident aliens are citizens of both their native country and their state of residence for diversity purposes." *Yokeno v. Sekiguchi*, 754 F.3d 649, 655 (9th Cir. 2014); *Intec USA, LLC v. Engle,* 467 F.3d 1038, 1043 (7th Cir. 2006). As such, if Plaintiff Yu is a foreign citizen permanently residing in Florida, she is both an alien and citizen of Florida, which would mean that there are literally *only* aliens on both sides of the "v."

Finally, even if Plaintiffs should go on to allege that one or many of them are U.S. citizens, that does not create diversity because all but Yu are admittedly domiciled in China, and it is well settled that "United States citizens who are domiciled abroad are citizens of no state; their 'stateless' status destroy[s] complete diversity under § 1332(a)(3), and [their] United States citizenship destroy[s] complete diversity under § 1332(a)(2)." *D.B. Zwirn Special Opport. Fund v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011) (quoting *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 829 (1989)); *Swiger v. Allegheny Energy*, 540 F.3d 179, 185 (3d Cir. 2008) ("a stateless person[] cannot sue or be sued in federal court based upon diversity jurisdiction."); *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 638 (7th Cir. 2021) ("statelessness destroys complete diversity and deprived the district court of the power to hear this case."). In short, if even one party is a U.S. citizen residing in China, that alone would destroy diversity.

**D.      The Court Must Deny The TRO Because It Has No Jurisdiction.**

It is clear that "without jurisdiction, the court is powerless to issue a TRO." *Roberts v. Caskey*, 2022 WL 11089308, at *5 (D. Kan. Oct. 19, 2022); *see also Walker v. Genesis Extractions, LLC.*, 2020 WL 1326646, at *3 (D.N.M. Feb. 27, 2020), R&R *adopted by* 2020 WL 1324077 (D.N.M. Mar. 20, 2020) ("Because the Court cannot assure itself of subject-matter jurisdiction at this juncture, it should not issue an ex-parte order restraining Genesis."); *Edelman Fin. Engines, LLC v. Harpsoe*, 2019 WL 6255102, at *2 (D. Kan. Nov. 22, 2019) (restraint wrongful where "[t]he court lacked subject matter jurisdiction to issue a TRO against defendants.")

Here, because the Court has no jurisdiction, it must deny the TRO.

## V.      CONCLUSION

For the foregoing reasons, this Court should grant Defendant Che's Motion to Dismiss.

Respectfully Submitted,

Dated: October 11, 2023

BY: _____
**Angus F. Ni (*pro hac vice*)**
Of AFN LAW PLLC
Serena Y. Yang (*pro hac vice*)
506 2nd Avenue, 14th Fl.
Seattle, Washington, 98104.
(646) 453-7294
angus@afnlegal.com

**TARA B. NETHERCOTT, #7-4604**
CROWLEY FLECK PLLP
511 West 19th Street, Suite 100
Cheyenne, WY 82001
Phone: (307) 426-4100
Fax: (307) 426-4099
tnethercott@crowleyfleck.com

*Attorneys for Defendant Kean Tat Che*

## CERTIFICATE OF SERVICE

    I certify the foregoing ***Memorandum in Support of Motion to Dismiss*** was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 13 October 2023, and that copies were served as follows:

| | |
|---|---|
| Patrick J. Hickey<br>Patrick R. Akers – *pro hac vice*<br>Moye White LLP<br>3615 Delgany Street, Suite 1100<br>Denver, CO 80216<br>Patrick.hickey@moyewhite.com<br>Patrick.akers@moyewhite.com<br>*Attorneys for the Majority Shareholders* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |
| John J. Elliott – *pro hac vice*<br>Michael H. Ference – *pro hac vice*<br>Sichenzia Ross Ference LLP<br>1185 Avenue of the Americas, 31st Floor<br>New York, NY 10036<br>jelliott@srf.law<br>mference@srf.law<br>*Attorneys for the Majority Shareholders* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |

 

_____
**Angus F. Ni (admitted *pro hac vice*)**
Attorney for Defendant Kean Tat Che.